UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00358-RJC
3:16-cr-00248-RJC-DSC-1

| | |
|---|---|
| **JARRETT TERRELL EDWARDS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and Petitioner's Supplement to his Motion to Vacate [CV Doc. 2].

I. **BACKGROUND**

On September 30, 2016, Petitioner Jarrett Terrell Edwards ("Petitioner") was charged in a Bill of Information with one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count One) and one count of aiding and abetting Armed Bank Robbery and, in doing so, assaulting and endangering the life of another by use of a firearm, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count Two). [CR Doc. 1: Bill of Information]. The parties entered into a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Two in the Bill of Information and the Government agreed to dismiss all charges as to Petitioner in the

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00358-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00248-RJC-DSC-1.

Superseding Bill of Indictment in Criminal Case No. 3:15-cr-302 ("CR2").[2] [CR Doc. 3: Plea Agreement; CR2 Doc. 75].

At sentencing, the Court determined that Petitioner was subject to the career offender enhancement under the Guidelines,[3] resulting in a criminal history category of VI. [CR Doc. 24 at 1: Statement of Reasons]. The guidelines range based on a criminal history category of VI and a Total Offense Level of 31 was 188 to 235 months' imprisonment. [Id.]. Petitioner was sentenced to a total term of imprisonment of 192 months. [CR Doc. 23 at 2: Judgment]. Judgment on Petitioner's conviction was entered on March 28, 2017. [Id.]. Petitioner appealed his sentence. [CR Doc. 25]. On appeal, Petitioner challenged the application of the career offender enhancement, "arguing that one of the two prior convictions considered as a violent crime, North Carolina common law robbery, is not a 'crime of violence.'" United States v. Edwards, 755 Fed. App'x 242 (4th Cir. 2018). On December 6, 2018, the Fourth Circuit affirmed Petitioner's sentence, holding, in part, that Petitioner's common law robbery conviction was a crime of violence. Id. (citing United States v. Gattis, 877 F.3d 150, 158 (4th Cir. 2017)). Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied on April 15, 2019. Edwards v. United States, 139 S.Ct. 1584 (2019).

On July 21, 2021, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. §

---

[2] In this Second Superseding Bill of Indictment, Petitioner was charged with one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count One); one count of aiding and abetting the brandishing of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Two); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). [CR2 Doc. 75].

[3] The Court applied the 2014 Guidelines career offender enhancement, U.S.S.G. § 4B1.1(a). It provides, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. §4B1.1(a).

2255. [CV Doc. 1]. In his § 2255 motion, Petitioner claims that he was "convicted for Hobbs Act and conspiracy of Hobbs Act robbery" and that neither offense satisfies that Guidelines "crime of violence" definition for purposes of the career offender enhancement. [Id. at 4]. Petitioner asks the Court to vacate his sentence and to resentence him without the career offender enhancement. [See id. at 8].

Petitioner acknowledges that his motion to vacate was filed more than one year after his judgment of conviction became final and asks the Court to apply equitable tolling. [See id. at 1]. Plaintiff claims that lockdowns and "CDC requirements" prevented him from timely preparing the instant motion. [CV Doc. 1 at 1-2]. Petitioner claims that he had "little to [no] access to the law library" … "because of both situations over this 2 ½ year period." [Id. at 2]. Petitioner attaches to his motion proof of lockdowns at his place of incarceration from April 13 to 15, 2019; April 19 to 22, 2019; and July 3, 2019 to November 22, 2019. [Id. at 9-13]. Plaintiff also cites "new substantive law previously unavailable – Green, Davis, Eason, Gravatt, and First Step Act of 2018," in support of equitable tolling. [Id.].

## II.   STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims

set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

### III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on April 15, 2019, when the Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner, however, did not file the instant motion to vacate until over two years after his conviction became final. Petitioner's motion, therefore, is untimely and barred by the AEDPA. Additionally, Petitioner has not stated adequate grounds for the application of equitable tolling. To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary

4

circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). While Plaintiff's efforts may have been hampered by lock downs and COVID-19-related restrictions at his facility for approximately five months during the year after his conviction became final, Petitioner was not without ample opportunity to prepare his motion. Moreover, Petitioner has not shown that he was prevented from timely filing this motion, nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner.[4]

Petitioner's claim is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists

---

[4] Even if Petitioner's motion to vacate were not time-barred, the Court would find it meritless and procedurally barred in any event. Petitioner's entire argument relies on the erroneous premise that he was convicted of Hobbs Act robbery and not Armed Bank Robbery. Moreover, Petitioner's supplement to his motion to vacate would not change this conclusion.

5

would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: August 17, 2021

Robert J. Conrad, Jr.
United States District Judge